

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7333 | **DATE** | 2/9/2004 |
| **CASE TITLE** | Raveling vs. Harpercollins Pub | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Status hearing held. For the reasons stated on the attached memorandum opinion, the Court hereby grants defendant's motion to dismiss. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 1 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum Opinion distributed in open Court. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 17 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 04 FEB 10 AM 7:57 | date mailed notice | |
| MW courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLE RAVELING, )
)
Plaintiff, )
)
v. ) No. 03 C 7333
)
HARPERCOLLINS PUBLISHERS, INC., )
a New York corporation, )
)
Defendant. )

**DOCKETED**

FEB 1 0 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Harpercollins Publishers, Inc.'s ("HCP")Rule 12(b)(6) motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

### BACKGROUND

HCP published a book written by Michael Corbitt ("Corbitt") entitled "Double Deal." The book is non-fiction and it focuses on Corbitt's life and specifically his involvement with organized crime. A photograph appears on page thirteen of the book. The picture depicts Plaintiff Gayle Raveling ("Raveling") holding a baby while standing next to man. The baby is Corbitt's son named Joey ("Joey"). The caption states: "My son Joey's christening in 1983 was one of the proudest moments of my life. Here, my sister-in-law, Gail Barone, cradles him in her

1



arms while Joey's godfather, Sal Bastone, beams into the camera *(Courtesy of Michael Corbitt)*." Raveling has filed the instant suit claiming that the usage of the photograph in the book constitutes an invasion of privacy. Raveling makes it clear in her answer to the instant motion that she is solely alleging a false light invasion of privacy by HCP and Raveling is not seeking to proceed under any of the other types of invasion of privacy actions. Raveling contends that the inclusion of a photograph depicting her in the book dealing with organized crime portrays her in a false light by supporting the conclusion that she too is somehow involved with organized crime.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 444-45 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must

"provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

Raveling contends that the photograph of her holding the baby portrays her in a false light. The tort of false light is intended to uphold "a person's interest in being free from false publicity." *Schivarelli v. CBS, Inc.*, 776 N.E.2d 693, 700-01 (Ill. App. Ct. 2002)(citing *Lovgren v. Citizens First National Bank of Princeton*, 534 N.E.2d 987 (Ill. 1989)). To state a false light invasion of privacy claim a plaintiff must establish that: "(1) [s]he was placed in a false light before the public as a result of the defendant's actions; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice, 'that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false.'" *Socorro v. IMI Data Search, Inc.*, 2003 WL 1964269, at *3-4 (N.D. Ill. 2003)(quoting *Kolegas v. Heftl Broad Corp.*, 607 N.E.2d 201, 209-10 (Ill. 1992)).

HCP contends that the mere inclusion of the photograph in the book does not portray Raveling in a false light. We agree. We can envision some possible scenarios in which the photograph could be used to portray Raveling in a false light. For example, it is possible that the position of the picture in the book or the accompanying pictures, captions, or text could give the reader the wrong impression about Raveling's involvement with organized crime. However, Raveling has made it clear in her answer to the instant motion that this action is based upon her contention that the mere placement of a photograph of her in a book about organized crime

3

portrays her in a false light. HCP correctly points out that Raveling's objections are not based in law, but are merely based upon her own displeasure and embarrassment resulting from the inclusion of a photograph which accurately depicts her at the christening. Raveling does not take issue with the caption for the photograph. She does not deny that at the time that the photograph was taken that she was the sister-in-law of Corbitt and she admits that she was the godmother of Joey. Raveling has not pointed to any portion of the book other than the photograph that would suggest that she was involved with organized crime. Raveling does not contend that the subject matter in the photograph is of a particularly private nature. Her only objection to the publication of the photograph is that it was included in Corbitt's book. HCP contends and Raveling does not dispute that Corbitt makes references to Joey in parts of the text of the book. Raveling has not alleged facts that would even suggest that she was portrayed in a false light. Neither has she provided any allegations relating to why HCP acted with actual malice. Therefore, we grant HCP's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis we grant HCP's motion to dismiss.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 9, 2004