# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7333 | **DATE** | 6/29/2004 |
| **CASE TITLE** | Raveling vs. Harpercollins Publisher | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, the plaintiff's motion for reconsideration of the Court's 02/10/04 ruling is denied. The plaintiff's motion for leave to file an amended complaint is denied as moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | JUN 3 0 2004 |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| MW | courtroom deputy's initials | date mailed notice |

Date/time received in central Clerk's Office — mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GAYLE RAVELING, )
)
      Plaintiff, )
)
v. ) No. 03 C 7333
)
HARPERCOLLINS PUBLISHERS, INC., )
a New York corporation, )
)
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Gayle Raveling's ("Raveling") motion for reconsideration of our February 10, 2004, ruling granting Defendant Harpercollins Publishers, Inc.'s ("Harper") motion to dismiss. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Harper published a book written by Michael Corbitt ("Corbitt") entitled "Double Deal." The book is non-fiction and it focuses on Corbitt's life and specifically his involvement with organized crime. A photograph appears on page thirteen of the book. The picture depicts Plaintiff Gayle Raveling ("Raveling") holding a baby while standing next to a man. The baby is Corbitt's son named Joey

1

("Joey"). The caption states: "My son Joey's christening in 1983 was one of the proudest moments of my life. Here, my sister-in-law, Gail Barone, cradles him in her arms while Joey's godfather, Sal Bastone, beams into the camera (*Courtesy of Michael Corbitt)*." Raveling filed suit against Harper claiming that the usage of the photograph in the book constitutes an invasion of privacy. Raveling brought a false light invasion of privacy claim against Harper. Raveling argued in her answer to Harper's motion to dismiss, that the inclusion of a photograph depicting her in the book dealing with organized crime portrayed her in a false light by supporting the conclusion that she too is somehow involved with organized crime. On February 9, 2004, we granted Harper's motion to dismiss the action. Raveling now requests that we reconsider our ruling.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49

2

F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court...."*In re Prince,* 85 F.3d 314, 324 (7th Cir.1996).

If a party does not file the motion for reconsideration within ten business days "after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Medical Faculty Foundation, Inc.,* 273 F.3d 757, 762 (7th Cir. 2001)(quoting *See Hope,* 43 F.3d at 1143); *U.S. v. Deutsch,* 981 F.2d 299, 301 (7th Cir. 1992)(holding that "motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)."); Fed R. Civ. P. 6(a). Federal Rule of Civil Procedure 60(b) provides:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually

3

personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy...." *Talano,* 273 F.3d at 762(quoting *Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995)).

## DISCUSSION

I. Type of Reconsideration Motion

This court granted Harper's motion to dismiss on February 9, 2004, and terminated the action. Raveling fails to specify whether she is seeking to proceed under Federal Rule of Civil Procedure 59(e) or Rule 60(b) and Harper actually indicates that it interprets the motion for reconsideration to be a Rule 59(e) motion. However, since Raveling did not file her motion for reconsideration until March 4, 2004, which is more than ten business days after the judgment on February 10, 2004, this court is required to treat the motion for reconsideration as a Rule 60(b) motion. This distinction is of little moment since Raveling has failed to meet the requirements under either rule.

4

## II. Merits of Reconsideration Motion

Raveling fails to argue in her motion for reconsideration any legal basis for the court's reconsideration. Instead, Raveling concedes that her initial complaint was deficient and merely asks the court for leave to file an amended complaint in which she intends to allege his claim with more specificity. Raveling also seeks to add in her amended complaint an additional claim alleging a violation of the Right of Publicity Act, 65 ILCS 1075/1 *et seq*. However, since Raveling has failed to provide a basis under Rule 59(e) or Rule 60(b) for reconsideration, we deny the motion for reconsideration. *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(stating that "substantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)--they cannot be general pleas for relief."). A motion for reconsideration is not a procedural mechanism for restarting a case in which there is a month old final judgment, and is not a mechanism that can be used to amend a complaint in such an instance.

Even if Raveling could amend her complaint, such an amendment would not be warranted. Although "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ," Fed. R. Civ. P. 15(a), and a motion to dismiss is not deemed a responsive pleading for purposes of Rule 15(a), *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998), once a court grants a motion to dismiss with

prejudice, as the court did in this case, there is a final judgment. Raveling thus correctly asserts that she had a right to file an amended complaint after Harper filed a motion to dismiss, but she needed to do so before this court dismissed the action. She cannot seek to rewrite her complaint a month after the case has been dismissed. In addition, the court need not allow an amendment that would be futile. *Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002). Raveling claims that she can allege her claim with more specificity. However, we did not dismiss the action based on a lack of specificity. As stated in our prior decision: "Raveling . . . made it clear in her answer to the instant motion that this action is based upon her contention that the mere placement of a photograph of her in a book about organized crime portrays her in a false light." We also noted that Raveling made clear that she is alleging a false light claim and that "Raveling's objections [were] not based in law, but [were] merely based upon her own displeasure and embarrassment resulting from the inclusion of a photograph which accurately depicts her at the christening." Therefore, Raveling is not entitled to now change her position and take a second bite from the apple arguing inconsistent positions.

Raveling has failed to show that any of the legal bases for a reconsideration of our order are applicable in the instant case. Therefore, we deny the motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny the motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 29, 2004